IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William J. Himes, | : | |
| Petitioner | : | Case No. 2:10-cv-00599 |
| v. | : | Judge Graham |
| Michelle Miller, Warden, Belmont Correctional Institution, | : | Magistrate Judge Abel |
| Respondent | : | |
| | : | |

## Report and Recommendation

Petitioner William J. Himes, a prisoner at the Belmont Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2254.  This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

The petition alleges that on June 17, 2008 petitioner Himes was convicted of two counts of complicity to rape in the Court of Common Pleas for Mahoning County, Ohio. He was sentenced to an aggregate term of ten years in prison.

Mahoning County is within Ohio's northern federal judicial district.  Because petitioner challenges the conviction of a state court within the Northern District of Ohio but is in custody in the Southern District of Ohio, both districts have concurrent jurisdiction over the action.  28 U.S.C. §2241(d).

This Court has the discretion to transfer this action to the Northern District for hearing and determination. *Id*. A transfer to the Northern District is appropriate in this case because it is the more convenient forum and the evidence is more readily accessible in the district where petitioner was convicted *See, Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982), *cert. denied*, 464 U.S. 843 (1983); *see also, Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497 n.13 (1973).

Accordingly, the Magistrate Judge RECOMMENDS that this action be TRANSFERRED o the United States District Court for the Northern District of Ohio at Youngstown.

Petitioner's motion for leave to proceed *in forma pauperis* is GRANTED. It is ORDERED that petitioner be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is DIRECTED to mail or email a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 E. Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge